JACOB L. HAFTER, ESQ.
Nevada State Bar No. 9303
**HAFTERLAW**
911 N. Buffalo Drive, Ste. 209
Las Vegas, Nevada 89128
Tel: (702) 405-6700
Fax: (702) 685-4184

Counsel for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| **TRACY MEADOWS**, as the Representative of the *Estate of D'Andre Berghardt, Jr.,* deceased;<br><br>　　　　　Plaintiff,<br>　vs.<br><br>The **UNITED STATES DEPARTMENT OF THE INTERIOR BUREAU OF LAND MANAGEMENT**; **BLM DOE OFFICER 1**, individually; and **BLM DOE OFFICER 2**, individually.<br><br>　　　　　Defendants. | Case No.: 2:14-cv-2188<br><br>**COMPLAINT WITH**<br><br>**JURY DEMAND** |

　　COMES NOW, Plaintiff **TRACY MEADOWS**, Individually and as a Representative of the **Estate of D'Andre Berghardt, Jr.**, (the "Deceased"), by and through her attorneys of record, **HAFTERLAW**, and hereby files this Complaint against Defendants the UNITED STATES DEPARTMENT OF THE INTERIOR BUREAU OF LAND MANAGEMENT ("BLM"), BLM DOE OFFICER 1, individually, and BLM DOE OFFICER 2, individually, the personal injury and death of D'Andre Berghardt, Jr., and here alleges as follows:

## INTRODUCTION

　　1.　　This is an action for Constitutional violations and state law personal injuries suffered by Plaintiff as a result of the unreasonable seizure, personal injury, and wrongful

COMPLAINT - 1

death of Plaintiffs' decedent, D'Andre Berghardt, Jr. Plaintiffs bring this action for compensatory damages under <u>Bivens v. Six Unknown Named Agents,</u> 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and the Federal Tort Claims Act, 28 U.S.C. §§2671-2680, because Defendants jointly and severally deprived Decedent of his federally-protected right to be free from unreasonable seizure and unreasonable force.

2. TRACY MEADOWS is the mother D'Andre Berghardt, Jr., and the court appointed administratrix of his estate.

3. At the time of his death, D'Andre Berghardt, Jr. was 20 years old and in good health.

4. As a direct result of the policies, practices, customs and procedures of the BLM, D'Andre Berghardt, Jr., was intentionally deprived of his constitutional right to be free from unreasonable searches and seizures guaranteed to him by the Fourth Amendment to the United States Constitution. Defendants BLM DOE OFFICER 1 and BLM DOE OFFICER 2, federal police officers acting in the course and scope of their employment with the BLM, unjustifiably attacked, beat, shot and killed D'Andre Berghardt, Jr. under circumstances where no reasonable police officer would have done so. Under long established law on excessive deadly force, Defendants BLM DOE OFFICER 1 and BLM DOE OFFICER 2 are not entitled to qualified or other immunity for these actions.

5. The Plaintiff is the mother of the decedent and proceeds in her capacity as the Administratrix of his Estate. The Plaintiff seeks compensation for the full value of the life of the decedent, because of his wrongful death, and in her capacity as Administratrix of his Estate does seek compensation for the mental and physical pain and suffering he was forced to endure prior to his death, and or reimbursement of the funeral expenses attendant to his death, all of which were incurred as a result of the tortious misconduct of the Defendants as set forth herein.

///
///
///
///

**JURISDICTION AND VENUE**

6. All of the acts complained of herein occurred in the State of Nevada.

7. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 (federal question) and Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), as the primary matter in controversy alleges that the Defendants violated the U.S. Constitution.

8. Jurisdiction is further proper as this action is brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 et seq., against the United States of America, which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

9. Jurisdiction for any remaining matters in controversy under this Complaint is based on the pendant jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

10. Venue is properly conferred on this Court pursuant to 15 U.S.C. § 15 and 28 U.S.C. § 1391 (b) because the Defendants are subject to personal jurisdiction in this District and because a substantial part of the events giving rise to the claims alleged herein took place in this District.

**PARTIES**

11. At all times material hereto, Plaintiff, is the mother of the decedent and proceeds in her capacity as the Administratrix of his Estate, and currently resides in Las Vegas, Nevada.

12. The Defendant the UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT ("BLM") is a branch of the federal government, constituted by the Constitution of the United States of America.

13. Defendant BLM DOE OFFICER 1 is a police officer under the employment of the BUREAU OF LAND MANAGEMENT, and was working in his scope of such at all times relevant to this matter.

14. Defendant BLM DOE OFFICER 2 is a police officer under the employment of

COMPLAINT - 3

the BUREAU OF LAND MANAGEMENT, and was working in his scope of such at all times relevant to this matter.

## GENERAL ALLEGATIONS

15. On February 13, 2014, the Deceased took a bus from California to Las Vegas, Nevada.

16. Upon information and belief, the Deceased had previously spent approximately two (2) years in the Los Angeles metropolitan area, assisting in the care of his aunt who was being treated for cancer.

17. Upon information and belief, the Deceased was traveling to Las Vegas to move in with his brother, start a new job and begin a new chapter in his life.

18. Upon his arrival in Las Vegas, the Deceased's brother was supposed to pick him up from the bus stop.

19. Upon information and belief, the Deceased never showed up at the bus stop where his brother was waiting.

20. Upon information and belief, the Deceased's brother started looking for him, and even called the police to report his brother missing.

21. Upon information and belief, the police refused to assist, claiming that someone needs to be missing more than 24 hours before they can assist.

22. On or about February 14, 2014, the Deceased was reported to be walking on Nevada State Route 159 in the vicinity of Red Rock Canyon.

23. Upon information and belief, the Deceased was carrying his luggage while walking on this rural area.

24. Reports suggest that the Deceased was disorientated and confused.

25. Upon information and belief, the Deceased was trying to stop bicyclers who were also traveling along the same rural road.

26. Upon information and belief, multiple calls were made to 9-1-1 for emergency assistance for the Deceased.

27. Eventually, Defendants BLM DOE OFFICERS 1 and 2 arrived on scene.

28. Upon information and belief, Defendants BLM DOE OFFICERS 1 and 2 approached the Deceased and tried to determine the nature of his actions.

29. Upon information and belief, the Deceased did not effectively communicate with Defendants BLM DOE OFFICERS 1 and 2 in a normal, rational manner.

30. Upon information and belief, Defendants BLM DOE OFFICERS 1 and 2 stopped vehicle traffic in both directions.

31. Upon information and belief, Defendants BLM DOE OFFICERS 1 and 2 called for additional assistance in dealing with the Deceased.

32. Under the circumstances which existed at the time and place in question, when judged by objective standards, a reasonable police officer would have realized that a person walking on SR-159 with a piece of luggage was not acting in a normal and rational manner, and that such behavior may have been indicative of a psychiatric emergency requiring emergency medical assistance.

33. Under the circumstances which existed at the time and place in question, when judged by objective standards, a reasonable police officer would have realized that should a confrontation with the Deceased occur, more than two (2) officers would be required to safely restrain the Deceased.

34. Under the circumstances which existed at the time and place in question, when judged by objective standards, a reasonable police officer would have realized engaging in the restraint of the Deceased with only two (2) officers would create an unsafe situation for both the officers and the Deceased.

35. Disregarding reasonable and objective criteria, upon information and belief, before additional resources arrived, Defendants BLM DOE OFFICERS 1 and 2 initiated a physical altercation with the Deceased in an attempt to take him into custody.

36. Upon information and belief, the Decedent was not an imminent danger to anyone at the time that Defendants BLM DOE OFFICERS 1 and 2 initiated their physical attack of him.

COMPLAINT - 5

37. Upon information and belief, Defendants BLM DOE OFFICERS 1 and 2 attacked the Deceased in a brutal and prolonged manner, invoking a variety of physically aggressive tactics to subdue the Deceased, ranging from their hands, Tasers, pepper spray and their batons.

38. Upon information and belief, the Deceased defended himself against the attack from BLM DOE OFFICERS 1 and 2.

39. Ultimately, a patrolman from the Nevada State Highway Patrol arrived on scene.

40. Upon information and belief, the Nevada State Highway Patrolman left the front driver door of his patrol car open as he went to assist BLM DOE OFFICERS 1 and 2 with their altercation with the Deceased.

41. Upon information and belief, in an attempt to seek shelter from the severe beating from BLM DOE OFFICERS 1 and 2, the Deceased jumped into the front seat of the Nevada State Highway Patrol car.

42. Upon information and belief, the Nevada State Highway Patrolman did not view such as causing an imminent danger requiring the use of deadly force; unfortunately, BLM DOE OFFICERS 1 and 2 did.

43. Upon information and belief, BLM DOE OFFICERS 1 and 2, collectively, shot the Deceased nine (9) times.

44. Upon information and belief, the Deceased died in that patrol car.

45. Upon information and belief, the Deceased was unarmed at the time of the attack.

46. Upon information and belief, the Deceased was not under the influence of any controlled or illegal substances at the time of his death.

47. Defendants' actions resulted in the unreasonable seizure, personal injury, and wrongful death of the Decedent, D'Andre Berghardt, Jr.

48. Accordingly, pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Federal Tort Claims Act, 28 U.S.C. §§2671-2680,

NRS §41.130 (personal injury statute), and NRS §41.100 (wrongful death statute), Plaintiff seeks compensatory damages against the Defendants, and attorneys fees pursuant to 42 U.S.C. §1988, as a result of its deprivation of the Deceased's rights.

## COUNT I – EXCESSIVE FORCE CLAIM UNDER <u>BIVENS V. SIX UNKNOWN NAMED AGENT</u>

### (AGAINST DEFENDANTS BLM DOE OFFICERS 1 and 2)

49. Plaintiff realleges the aforementioned paragraphs as though fully set forth.

50. The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

51. The Supreme Court held that lawsuits against federal officers were permissible for alleged constitutional violations, even where no specific federal statute authorized the lawsuit. <u>Bivens v. Six Unknown Named Agents,</u> 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The <u>Bivens</u> action is the federal counterpart to the Section 1983 lawsuit, which is used exclusively against state officers and local governments for violations of individuals' clearly established Constitutional Amendment rights.

52. Plaintiff alleges that Defendants, jointly and/or severally, deprived the Decedent of his Fourth Amendment rights, and those rights, privileges, and immunities secured by the Fifth and Eighth Amendments to the Constitution.

53. Defendants violated Decedent's rights by using excessive and deadly force in the course of BLM DOE OFFICERS 1 and 2's attempt to seize the Decedent, in violation of the Fourth Amendment and its reasonableness standard.

COMPLAINT - 7

54. Plaintiff pleads that Decedent was unlawfully shot and killed. This action resulted directly and only from a use of force that was clearly excessive to the need, and was objectively and subjectively unreasonable.

55. Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable in light of the circumstances facing the officer. See Graham v. Connor, 490 U.S. 386, 398 (1989). The facts and circumstances of this case show that Defendant BLM DOE OFFICERS 1 and 2's act of shooting and killing Decedent was clearly unreasonable.

56. At the time of the incident, before they initiated an assault on the Decedent, the BLM DOE OFFICERS 1 and 2 had no reason to believe that the Decedent was armed or dangerous.

57. Upon information and belief, the Decedent made no violent movements towards BLM DOE OFFICERS 1 and 2's or any other person that could be interpreted as threatening.

58. Upon information and belief, the Decedent made no verbal threats to BLM DOE OFFICERS 1 and 2 or any other person.

59. Upon information and belief, the Decedent did not touch BLM DOE OFFICERS 1 and 2 other than to repel their unlawful attack.

60. Upon information and belief, it was clear or should have been clear to the reasonable officer that Decedent was unarmed and did not have any weapon or dangerous device readily at hand.

61. Upon information and belief, BLM DOE OFFICERS 1 and 2 did not have a reasonable fear of imminent bodily harm when they shot and killed D'Andre, nor did BLM DOE OFFICERS 1 and 2 have a reasonable belief that any other person was in danger of imminent bodily harm from the Decedent. Consequently, shooting and killing D'Andre was unwarranted under these circumstances, and was objectively unreasonable when comparing or balancing the amount of force used against the need for the force.

62. Therefore, by using subjectively and objectively unreasonable deadly force while acting under color of law, BLM DOE OFFICERS 1 and 2 violated Decedent's rights under the Fourth Amendment to the United States Constitution and caused his wrongful death.

63. Defendants' violations of the Decedent's constitutional rights resulted in D'Andre's suffering and death and were a direct cause of the Decedent's injuries.

**COUNT II – DEPRIVATION OF MEDICAL CARE CLAIM UNDER <u>BIVENS V. SIX UNKNOWN NAMED AGENT</u>**
**(AGAINST DEFENDANTS BLM DOE OFFICERS 1 and 2)**

64. Plaintiff realleges the aforementioned paragraphs as though fully set forth.

65. Plaintiff alleges that Defendants, jointly and/or severally, deprived the Decedent of his Fourth Amendment rights, and those rights, privileges, and immunities secured by the Fifth and Eighth Amendments to the Constitution. Defendants violated Decedent's rights by failing to provide medical attention, where it was clearly necessary and required by law.

66. The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. <u>Gregg v. Georgia</u>, 428 U.S. 153, 173, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976).

67. "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment ." <u>De'Lonta v. Angelone</u>, 330 F.3d 630, 633 (4th Cir.2003) (*citing* <u>Wilson v. Seiter</u>, 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)).

68. In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

69. Deliberate indifference to a serious medical need requires proof that, objectively, the plaintiff was suffering from a serious medical need and that, subjectively, the law enforcement staff were aware of the need for medical attention but failed either to provide it or ensure the needed care was available. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

70. "Deliberate indifference is a high legal standard." <u>Toguchi v. Chung</u>, 391 F.3d

COMPLAINT - 9

1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.' " Id. at 1057 (*quoting* Farmer, 511 U.S. at 837).

71.     On or about February 14, 2014, the Deceased was reported to be walking on Nevada State Route 159 in the vicinity of Red Rock Canyon.

72.     Upon information and belief, the Deceased was carrying his luggage while walking on this rural area.

73.     Upon information and belief, reports suggest that the Deceased was disorientated and confused.

74.     Upon information and belief, the Deceased was trying to stop bicyclers who were also traveling along the same rural road.

75.     Upon information and belief, multiple calls were made to 9-1-1 for emergency assistance for the Deceased.

76.     Eventually, Defendants BLM DOE OFFICERS 1 and 2 arrived on scene.

77.     Upon information and belief, Defendants BLM DOE OFFICERS 1 and 2 approached the Deceased and tried to determine the nature of his actions.

78.     Upon information and belief, the Deceased did not effectively communicate with Defendants BLM DOE OFFICERS 1 and 2 in a normal, rational manner.

79.     Upon information and belief, Defendants BLM DOE OFFICERS 1 and 2 stopped vehicle traffic in both directions.

80.     Upon information and belief, Defendants BLM DOE OFFICERS 1 and 2 called for additional assistance in dealing with the Deceased.

81.     Under the circumstances which existed at the time and place in question, when judged by objective standards, a reasonable police officer would have realized that a person walking on SR-159 with a piece of luggage was not acting in a normal and rational manner, and that such behavior may have been indicative of a psychiatric emergency requiring emergency medical assistance.

COMPLAINT - 10

82. Upon information and belief, BLM DOE OFFICERS 1 and 2 knew or should have known that the Decedent required medical care for his confusion and disorientation.

83. Upon information and belief, BLM DOE OFFICERS 1 and 2 disregarded the needs of the Decedent, and, rather, without physical provocation from the Decedent tried to engage him forcefully, by themselves.

84. Upon information and belief, the Decedent made no initial violent movements towards BLM DOE OFFICERS 1 and 2's or any other person that could be interpreted as threatening.

85. Upon information and belief, the Decedent made no initial verbal threats to BLM DOE OFFICERS 1 and 2 or any other person.

86. Upon information and belief, BLM DOE OFFICERS 1 and 2 initiated their attack of the Decedent, notwithstanding, the lack of additional officers, resources or EMS personnel.

87. Upon information and belief, the Decedent did not touch BLM DOE OFFICERS 1 and 2 other than to repel their unlawful attack.

88. As a result, BLM DOE OFFICERS 1 and 2, beat, attacked, assaulted, used pepper spray, Tasers, batons, and, ultimately, shot D'Andre, as opposed to providing him access to emergency medical care.

89. Therefore, by failing to address the Decedent's medical emergency in a reasonable and acceptable manner, BLM DOE OFFICERS 1 and 2 violated Decedent's rights under the Eighth Amendment to the United States Constitution and caused his wrongful death.

90. Defendants' violations of the Decedent's constitutional rights resulted in D'Andre's suffering and death and were a direct cause of the Decedent's injuries.

## COUNT III – CLAIM UNDER <u>FEDERAL TORT CLAIMS ACT</u>
## (AGAINST BLM)

91. Plaintiff realleges the aforementioned paragraphs as though fully set forth.

92. The Federal Tort Claims Act gives district courts exclusive jurisdiction over

COMPLAINT - 11

claims against the United States, but it does not confer jurisdiction over individual government employees. Hooker v. U.S. Dep't of Health & Human Servs., 858 F.2d 525, 531 (9th Cir.1988).

93. " 'While Bivens is a judicially created cause of action against federal officers arising under the United States Constitution, ... the FTCA imposes liability on the United States government for acts by its employees that constitute torts in the state where the conduct occurred." Tekle v. United States, 511 F.3d 839, 850 n. 8 (9th Cir.2007) (*quoting* Ting v. United States, 927 F.2d 1504, 1513 (9th Cir.1991) (emphasis in Tekle).

94. The FTCA waives the federal government's immunity from suit "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1).

95. As a pre-requisite to bringing a claim under the FTCA, the claimant must file a form with the government and give the government six (6) months to respond.

96. On June 20, 2014, Tracy Meadows signed the Standard Form 96 which was sent to the Defendants.

97. As of the date of the Complaint, no response from the government has been received.

98. In the course and scope of their employment, BLM DOE OFFICERS 1 and 2 were negligent and wrongful in their actions involving the Decedent.

99. As pled above, BLM DOE OFFICERS 1 and 2 used excessive force which resulted in pain and suffering and the ultimate wrongful death of the Decedent.

100. As pled above, BLM DOE OFFICERS 1 and 2 prevented the Decedent from access to emergency medical care, which resulted in pain and suffering and the ultimate wrongful death of the Decedent.

101. Upon information and belief, the actions of BLM DOE OFFICERS 1 and 2 were as a result of the BLM putting these officers in a position where they could engage in such unconstitutional acts.

102. Upon information and belief, the actions of BLM DOE OFFICERS 1 and 2

were as a result of poor or substandard training and supervision by the BLM.

103. As a direct result of the BLM's placement of BLM DOE OFFICERS 1 and 2 in the field, giving them the tools and authority of a police officer, and failing to properly train and supervise them, the Decedent suffered and died.

104. The BLM's actions resulted in D'Andre's suffering and death and were a direct cause of the Decedent's injuries.

## ATTORNEY FEES

As a result of the Defendants' actions as set forth above, Plaintiff has been required to retain **HAFTERLAW** to prosecute this action and has incurred and will continue to incur costs and attorney fees for which the Plaintiff is entitled to a separate award pursuant to 42 USC §1988, as well as any other applicable statute or rule, in an amount to be determined by the Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against the Defendant as follows:

1. For declarative relief that:
    a. Decedent's constitutional rights were violated then the BLM DOE OFFICERS 1 and 2 used excessive force;
    b. Decedent's constitutional rights were violated then the BLM DOE OFFICERS 1 and 2 failed to provide the Decedent with access to emergency medical care;

105. For an award of compensation for the value of the Decedent's life, the mental and physical pain and suffering the Decedent was forced to endure prior to his death, and or reimbursement of the funeral expenses attendant to his death, all of which were incurred as a result of the tortious misconduct of the Defendants as set forth herein.

2. For an award of attorney fees and costs pursuant to 42 U.S.C. §1988, or other permissible basis, to the Plaintiff for the reasonable attorney's fees, court costs and necessary disbursements incurred in connection with this lawsuit; and,

COMPLAINT - 13

3.  For such other and further relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiff hereby requests a that this case be heard before a jury at trial.

Dated this 23rd day of December, 2014.

             **HAFTERLAW**

             By: _____
               JACOB L. HAFTER, ESQ.
               Nevada Bar Number 9303
               911 N. Buffalo Drive., Ste 209
               Las Vegas, Nevada 89128
               Counsel for Plaintiff