**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRACY MEADOWS, as the Representative of the *Estate of D'Andre Berghardt, Jr.*, deceased, </br></br> Plaintiff, </br></br> v. </br></br> The UNITED STATES DEPARTMENT OF THE INTERIOR BUREAU OF LAND MANAGEMENT, *et al.,* </br></br> Defendants. | Case No. 2:14-cv-02188-JAD-CWH |

## **STIPULATED PROTECTIVE ORDER**

The parties, by counsel and pursuant to Federal Rule of Civil Procedure 26(c), respectfully request the entry of a protective order in the form stated below:

1. This Protective Order governs the treatment and handling of all confidential information, materials, and documents (including answers to interrogatories, responses to requests for production, responses to requests for admission, deposition testimony, deposition transcripts, deposition exhibits, and other written, recorded, electronic, or graphic matter, and copies of the foregoing) ("Confidential Material") produced by any party in this civil action in accordance with the Federal Rules of Civil Procedure or any order of this Court.

2. Pursuant to this Protective Order, the parties are authorized to release to other parties in this civil action Confidential Material otherwise protected by the Privacy Act (5 U.S.C. § 552a) or the Health Insurance Portability and Protection Act (42 U.S. Code § 1320d *et seq.*) ("HIPPA"), or any other federal or state law, without obtaining prior written consent of the individual or individuals to whom the Confidential Material pertains; provided that the Confidential Material is reasonably related to this civil action.

3. Any party furnishing Confidential Material, which in the opinion of that party contains confidential information or information protected from disclosure by the Privacy Act, HIPPA, or any other federal or state law, may designate the material as subject to this Protective Order by marking each page of the document as "Confidential – Subject to Protective Order."

4. Material designated "Confidential – Subject to Protective Order" shall be used by a party only for purposes related to this action and for no other purpose. No party shall disclose material designated "Confidential – Subject to Protective Order" to any person or entity other than the following:

   a. The Court and Court personnel;

   b. Counsel for a party;

   c. Secretarial, clerical, paralegal, or information technology staff employed counsel of record for a party, provided such counsel deems the disclosure reasonably necessary for the conduct of this litigation;

   d. Experts or consultants who have been retained by a party for the purpose of assisting in the conduct of this action;

   e. Fact witnesses during their deposition, or in preparation for their deposition, provided that counsel of record for a party deems the disclosure reasonably necessary for the conduct of this litigation; or

   f. Other persons upon order of this Court or upon stipulation of the party who designated the Confidential Material in question as "Confidential – Subject to Protective Order."

5. Prior to disclosing any material designated "Confidential – Subject to Protective Order" to any individual designated in subsections (b) – (f), counsel of record disclosing such Confidential Material shall advise the individual that the Confidential Material is being disclosed subject to the terms of this Protective Order, may not be disclosed other than pursuant to the terms hereof, any may be used only for purposes related to this action and for no other purposes.

6. In the event that counsel of record for a party seeks to electronically file with the Court any material designated as "Confidential – Subject to Protective Order," counsel must file a motion in accordance with *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and District of Nevada Local Rule 10-5(b) for permission from the Court to file the material under seal.

7. If any party objects to the designation of any information, material, or document as "Confidential – Subject to Protective Order," the objecting party may notify the designating party in writing at any time, but no later than fourteen (14) days after the close of discovery, and the objecting party must also notify all other parties of the objection. After service of written notice, and after consultation and a good-faith effort to resolve the objection, either the designating or the objecting party may file a motion with the Court for a ruling that the Confidential Material objected to shall (or shall not) be treated as "Confidential – Subject to Protective Order." Until the Court issues an order resolving the status of the Confidential Material being objected to, the material shall be treated as confidential and protected from disclosure as provided in this Protective Order.

8. Any party that produces documents or electronically stored information pursuant to this Protective Order does not waive any privilege or protection, including but not limited to the attorney-client privilege or the work-product protection, over that information in this matter or any other proceeding. The parties shall follow Federal Rule of Civil Procedure 26(b)(5)(B) in dealing with any privileged material inadvertently produced in discovery.

9. Documents, information, or material of any sort that a party wishes to designate as "Confidential – Subject to Protective Order," but which are inadvertently disclosed without such designation, may be retrieved by the disclosing party at any time. Upon notice that a party seeks retrieval, such documents, information, or material must be treated as if designated "Confidential – Subject to

Protective Order" and may only be used for the purposes and in the manner permitted by this Protective Order.

10. Within three (3) months of the conclusion of this litigation (commencing from the date on which the time for filing an appeal from entry of judgment with no party taking an appeal, or in the event an appeal is taken, from the date of exhaustion of any and all appeals), all materials which continue to be designated as "Confidential – Subject to Protective Order" and all copies thereof shall either be returned to the disclosing party or destroyed. A party who elects to destroy the copies shall certify in writing to the disclosing party that all copies have been destroyed. Copies which contain markings constituting attorney work product need not be returned or destroyed, provided they remain subject to the provisions of this Protective Order.

Respectfully submitted on July 28, 2015.

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
RUPA BHATTACHARYYA
Director, Torts Branch
C. SALVATORE D'ALESSIO, JR.
Assistant Director, Torts Branch

*/s/ Reginald M. Skinner*
REGINALD M. SKINNER
Trial Attorney, Civil Division
United States Department of Justice

*Counsel for the Defendants*

*/s/ Jacob Hafter*
JACOB L. HAFTER, ESQ.
HAFTERLAW
6851 West Charleston Blvd.
Las Vegas, NV 89117
Tel: (702) 405-6700

*Counsel for Plaintiff*

DANIEL G. BOGDEN
United States Attorney
District of Nevada

PATRICK A. ROSE
Assistant United States Attorney

**ORDER**

IT IS SO ORDERED.

_____
United States Magistrate Judge

DATED: July 29, 2015

4