1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TRACY MEADOWS, ) | |
| ) | 2:14-cv-02188-JAD-CWH |
| Plaintiffs, ) | |
| vs. ) | **ORDER** |
| ) | |
| DEPARTMENT OF THE INTERIOR, ) | |
| BUREAU OF LAND MANAGEMENT, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## BACKGROUND

On November 13, 2015, the Court entered an order granting Plaintiff's counsel's motion to withdraw as attorney. See Doc. # 40; see also Docs. # 38-39. In its order, the Court directed Plaintiff to inform the Court no later than December 1, 2015 if she intended to proceed pro se in this action. See Doc. # 40. Thereafter, the Court set a telephonic status hearing for December 21, 2015 to discuss the status of this action with the parties. See Doc. # 42. Plaintiff neither advised the Court whether she would be proceeding pro se in this action, nor appeared before the Court at the hearing held on December 21st. See Doc. # 45. Meanwhile, the Court entered an order staying discovery in this case until Plaintiff informed the Court of her intentions, with the Court extending the stay until Plaintiff's status could be determined in this action. See Docs. # 43-# 45. The Court subsequently entered an order requiring Plaintiff to show cause why the Court should not impose sanctions, up to and including a recommendation that this case be dismissed, for failing to comply

1   with court orders. See Doc. # 46. Plaintiff did not bother to respond to the Court's order, and failed
2   to appear at the show cause hearing held on January 5, 2016. See Doc. # 47. The Court now enters
3   this report recommending dismissal of the instant action.

## DISCUSSION

5         The broad, underlying purpose of the Federal Rules of Civil Procedure ("FRCP") is to
6   "secure the just, speedy, and inexpensive determination of every action and proceeding." See
7   Fed.R.Civ.P. 1. The rules provide several mechanisms that allow courts to accomplish this goal
8   through the use of sanctions against parties that fail to comply with court orders or that unnecessarily
9   multiply proceedings. Rule 16 of the FRCP is a central pretrial rule that authorizes courts to manage
10  their cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality
11  of the trial is improved, and settlement is facilitated." In re Phynylpropanolamine Products Liability
12  Litigation, 460 F.3d 1217, 1227 (9th Cir. 2006). "Subsection (f) puts teeth into these objectives by
13  permitting the judge to make such orders as are just for a party's failure to obey a scheduling or
14  pretrial order, including dismissal." Id. Rule 16(f) specifically provides that "[o]n motion or on its
15  own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii),
16  if a party or its attorney: (A) fails to appear at a scheduling or pretrial conference; (B) is substantially
17  unprepared to participate–or does not participate in good faith–in the conference; or (C) fails to obey
18  a scheduling order or other pretrial order." Fed.R.Civ.P.16(f). Potential sanctions under Rule
19  37(b)(2)(A)(ii)-(vii) includes dismissal. See Fed.R.Civ.P.37(b)(2)(A)(v).

20        Dismissal for failure to obey a court order is a harsh penalty and should only be imposed in
21  extreme circumstances. Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987). Courts
22  weigh the following five factors when determining whether to dismiss a case for failure to comply
23  with a court order: (1) public interest in expeditious resolution of the litigation; (2) the court's need
24  to manage its docket; (3) the risk of prejudice to a defendant; (4) public policy favoring disposition
25  of cases on the merits; and (5) availability of less drastic sanctions. Phynylpropanolamine, 460 F.3d
26  at 1226. "These factors are not a series of conditions precedent before the judge can do anything,
27  but a way for the district judge to think about what to do." Id. (citing Valley Eng'rs v. Elec. Eng'g
28  Co., 158 F.3d 1051, 1057 (9th Cir. 1998)). Although preferred, it is not required that the district

court make explicit findings to show that it has considered these factors. Id. A dismissal sanction will only be overturned if the reviewing court is left with "a definite and firm conviction that it was clearly outside the acceptable range of sanctions." Id. (internal citations and quotations omitted).

### 1.     Expeditious Resolution of Litigation

"Orderly and expeditious resolution of disputes" is of utmost importance in the rule of law. Phynylpropanolamine, 460 F.3d at 1227. "[D]elay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." Id. Here, Plaintiff failed to comply with court orders. Plaintiff failed to notify the Court whether she would be proceeding pro se in this action and failed to appear at the telephonic status hearing set on December 21, 2015. This Court has been patient in allowing Plaintiff more than sufficient time to proceed with this litigation. However, Plaintiff's absence in this action and failure to comply with court orders are inconsistent with Rule 1's directive to "secure a just, speedy, and inexpensive" determination of this action. As such, this factor weighs in favor of dismissal.

### 2.     Court's Need to Manage Its Docket

It has long been recognized that a district court's inherent power to control its docket includes the ability to issue sanctions of dismissal. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir 1986). The U.S. Supreme Court has held that the sanction of dismissal "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976). Here, Plaintiff had every opportunity to proceed in this action but failed to do so. Plaintiff's absence and failure to comply with court orders have made it impossible for this case to move forward and for the Court to effectively manage its docket. As such, this factor weighs in favor of dismissal.

### 3.     Risk of Prejudice to Defendant

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1413 (9th Cir. 1990). Here, Plaintiff's absence has interfered with Defendant's

ability to go to trial and to obtain a rightful decision in this case. As such, this factor also weighs in favor of dismissal.

### 4. Disposition of Cases on Merits

The public policy favoring disposition of cases on the merits counsels against dismissal of a case. Phynylpropanolamine, 460 F.3d at 1228. Nevertheless, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impeded progress in that direction." Id. Because Plaintiff is responsible for moving this case forward, her failure to do so has caused delay and thwarted progress, thereby supporting dismissal of the instant case.

### 5. Less Drastic Sanctions

A court must consider the adequacy of less drastic sanctions before imposing dismissal. Malone, 833 F.2d at 131. Three questions facilitate this analysis: (1) are less drastic sanctions available and, if so, why would they be inadequate; (2) were alternative sanctions employed prior to ordering dismissal; and (3) was the party subject to dismissal warned of the possibility of dismissal. Id. at 132. Here, Plaintiff had more than sufficient time to inform the Court if she intended to proceed pro se in this litigation, and to prosecute her case. Plaintiff failed to do so, and chose not to comply with court orders. Based on these failures, the Court can only surmise that Plaintiff has abandoned her claims and has no intention of moving this case forward. As such, this factor weighs in favor of dismissal of the instant case.

## CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that this case be **dismissed without prejudice**.

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir.

1 | 1991).

2 | DATED: January 5, 2016

_____
C.W. Hoffman, Jr.
United States Magistrate Judge